UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60960-CIV-COHN/SELTZER

LEONARD ACKLEY, on his own behalf
and others similarly situated,

        Plaintiff,

v.

CITY OF FORT LAUDERDALE, BUILDING DEPT.

        Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS
## ORDER GRANTING LEAVE TO AMEND

THIS CAUSE is before the Court upon Defendant City of Fort Lauderdale's Motion to Dismiss [DE 7]. The Court has carefully considered the motion, response, and reply thereto and is otherwise fully advised in the premises.

Leonard Ackley ("Plaintiff"), a Building Department inspector employed by the City of Fort Lauderdale ("Defendant" or "City"),[1] filed this action for recovery of overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"). Plaintiff alleges that he was not paid time and one-half his regular pay for overtime hours worked in excess of 40 hours per week. Compl., ¶ 8. Plaintiff alleges that the City made no provisions to properly pay him, and all others similarly situated, for any overtime hours that may have worked. Id., ¶ 7. Plaintiff alleges that this refusal to pay overtime was wilful. Id., ¶ 12. Plaintiff makes all allegations on behalf of others similarly situated.

The City has moved to dismiss the Complaint for failure to state a claim. Until the recent Supreme Court decision in Bell Atlantic Corp. v. Twombly, 550 U.S. —, 127

---

[1] The City points out in their motion to dismiss that the proper defendant is the City of Fort Lauderdale, not the City of Fort Lauderdale Building Department.

S.Ct. 1955 (2007), courts routinely followed the rule that, "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Marsh v. Butler County, 268 F.3d 1014, 1022 (11th Cir. 2001).  However, pursuant to Twombly, to survive a motion to dismiss, a complaint must now contain factual allegations which are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true."  127 S. Ct. at 1965.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65.  Taking the facts as true, a court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action."  Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

     In this case, Defendant argues that Plaintiff has failed to file a short and plain statement in accordance with Fed.R.Civ.P. 8(a) because no time period for the alleged violations was contained in the Complaint.  The FLSA has a two year statute of limitations period, with a three year limitation for wilful violations.  Plaintiff apparently began working for the City in 2000.  Notice of Filing Plaintiff's Statement [DE 6]. Plaintiff opposes the motion because the allegations are specific enough to enable Defendants to file an answer.

     The Court concludes that although the Complaint is sufficient as to how and why

the allegations make out a case for violations of the FLSA, the Complaint should be dismissed for failure to set forth the operative dates of Plaintiff's employment, particularly because the FLSA statute has a two or three year limitations period. The Complaint somewhat assumes that Plaintiff has been continuously employed by Defendant the entire time. Therefore, the Court will grant the motion to dismiss, with leave to Plaintiff to file an Amended Complaint, with the additional allegations regarding dates of employment.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant City of Fort Lauderdale's Motion to Dismiss [DE 7] is hereby **GRANTED**, as the Complaint fails to state a claim upon which relief can be granted. However, Plaintiff is granted leave to amend the Complaint in accordance with this Order. Failure to file an Amended Complaint by Friday, Oct. 12, 2007, may result in dismissal of this case.

**DONE and ORDERED** in chambers in Fort Lauderdale, Broward County, Florida, this 1st day of October, 2007.

*[signature]*
JAMES I. COHN
United States District Judge

Copies furnished to:

Counsel of Record on CM/ECF