UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60960-CIV-COHN/SELTZER

LEONARD ACKLEY, on his own behalf
and others similarly situated,

      Plaintiff,

v.

CITY OF FORT LAUDERDALE, BUILDING DEPT.

      Defendant.
_____/

### ORDER DENYING MOTION TO STRIKE WITHOUT PREJUDICE

THIS CAUSE is before the Court upon Defendant City of Fort Lauderdale's Motion to Strike Plaintiffs Robert Pignataro and Lee Kaplan from caption [DE 27]. The Court has carefully considered the motion and is otherwise fully advised in the premises.

Defendant City of Fort Lauderdale ("Defendant" or "City") moves to strike two opt-in Plaintiffs from the caption of this action. Defendant asserts that the Amended Complaint does not include these two named Plaintiffs, and that no leave of court has been given for joinder in this action. Defendant's counsel raises her "concerns" regarding how these parties came to be added as Plaintiffs in this action.

This action for recovery of overtime compensation pursuant to the Fair Labor Standards Act ("FLSA") was filed as a potential "opt-in" class action. On September 17, 2007, Plaintiff filed a Notice of Filing Additional Notices of Consent to Join, wherein Robert Pignataro and Lee Kaplan filed their Notices of Consent to Join this opt-in FLSA class action [DE 14]. These two opt-in Plaintiffs were then added by the Clerk's office docketing staff as plaintiffs to this action. This procedure appears to be in accord with how such a case normally proceeds.

The Court will deny Defendant's Motion to Strike (and overrule a similar objection stated in Defendant's Notice of Objection to Notice of Mediation Conference [DE 28]), without prejudice as to the merits of any claim by the opt-in plaintiffs. Whether these opt-in plaintiffs are added to the official caption of the case is not the issue. These plaintiffs must be captured as plaintiffs for purposes of the CM/ECF system, and court docketing staff properly did so. Plaintiffs do not need leave to opt-in. Rather, the typical procedure is for the named Plaintiff to seek leave to notify potential opt-in plaintiffs. However, if Plaintiff already is aware of opt-in plaintiffs, there is no barrier to those plaintiffs exercising their right to opt-in. In fact, it is a required element of a motion for leave to notify to show that some similar situated plaintiffs have already expressed desire to so opt-in. Dybach v. State of Florida Dep't of Corrections, 942 F.2d 1562, 1567-68 (11th Cir.1991).

Defendant's reference to the Amended Complaint, however, raises a possible issue as to whether the opt-in Plaintiffs must refile their consents as to the Amended Complaint. In an abundance of caution, the opt-in Plaintiffs probably should renew their consent as to the Amended Complaint.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant City of Fort Lauderdale's Motion to Strike [DE 27] is hereby **DENIED**, without prejudice.

**DONE and ORDERED** in chambers in Fort Lauderdale, Broward County, Florida, this 22nd day of October, 2007.

JAMES I. COHN
United States District Judge

Copies furnished to:

Counsel of Record on CM/ECF