UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60960-CIV-COHN

LEONARD ACKLEY, on his own
behalf and all others similarly situated,

Magistrate Judge Seltzer

    Plaintiffs,
vs.

CITY OF FORT LAUDERDALE,

    Defendant.
_____/

## ORDER GRANTING AMENDED MOTION SEEKING AN ORDER ON CONDITIONAL CLASS CERTIFICATION AND JUDICIAL NOTICE

THIS CAUSE is before the Court upon Plaintiffs' Amended Motion Seeking an Order on Conditional Class Certification and Judicial Notice [DE 39]. The Court has carefully considered the motion, response and reply thereto, and is otherwise fully advised in the premises. The motion became ripe on January 10, 2008.

### I.  BACKGROUND

Plaintiff Leonard Ackley ("Plaintiff") filed his complaint asserting a single claim for unpaid overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216, for employees who were employed as code enforcement officers with the City of Fort Lauderdale ("City" or "Defendant"). Plaintiff alleges in this case that he and other similarly situated current and former employees were not paid for the time it took to pick up and drive their city vehicle to their job site and then return the city vehicle at the end of the day. Plaintiff alleges that this practice systematically excluded some amount of overtime on a daily basis for the relevant period from April of 2005 through September 27, 2006. Defendant denies it violated the FLSA.

Plaintiff filed a motion to allow notice to prospective opt-in class members similarly situated to him.  Defendant opposes the motion.

## II. DISCUSSION

Plaintiffs seek an order of this court allowing notification of potential class members under Section 216(b) of the FLSA.  It is settled in the Eleventh Circuit that a district court has the authority under the FLSA to issue an order requiring notice to similarly situated persons.  See Grayson v. K Mart Corporation, 79 F.3d 1086, 1097 (11th Cir. 1996); Dybach v. State of Florida Dep't of Corrections, 942 F.2d 1562 (11th Cir.1991) (noting a split in the circuits and "concluding that the 'broad remedial purpose of the Act' is best served if the district court is deemed to have the power to give such notice to other potential members of the plaintiff class to 'opt-in' if they so desire and by the district court's exercise of that power under appropriate conditions.") (citations omitted).  Before determining whether to exercise such power, however, Dybach instructs the district court that it "should satisfy itself that there are other employees of the department-employer who desire to 'opt-in' and who are 'similarly situated' with respect to their job requirements and with regard to their pay provisions."  Id. at 1567-1568.  If the district court concludes that there are such other employees, the court then has the discretion to establish the specific procedures to be followed with respect to such possible opting-in. Id. at 1568.

In Hipp v. Liberty Nat. Life Ins. Co., 252 F.3d 1208, 1219 (11th Cir. 2001), the Eleventh Circuit reaffirmed the Grayson-Dybach standard, but also addressed the issue of requiring a "two-tiered" approach of conditional class certification and a later defense

motion for decertification after discovery.  The Court stated that:

> The two-tiered approach to certification of § 216(b) opt-in classes described above appears to be an effective tool for district courts to use in managing these often complex cases, and we suggest that district courts in this circuit adopt it in future cases. Nothing in our circuit precedent, however, requires district courts to utilize this approach. The decision to create an opt-in class under § 216(b), like the decision on class certification under Rule 23, remains soundly within the discretion of the district court.

Hipp, 252 F.3d at 1219.  Contrary to Plaintiffs' implied assertion, the Hipp decision did not change a plaintiff's burden to obtain court-authorized notification.[1]

In this case, Plaintiffs seek notification of the group of employees who worked as code enforcement officers for the City.  Plaintiff has presented evidence that other code enforcement officers desire to opt-in to this lawsuit.  Robert Pignataro [DE 32], Lee Kaplan [DE 32] and Winston Strawn [DE 43] have all filed consents to join this lawsuit.  Defendant does not dispute that these employees constitute sufficient evidence that others desire to opt-in.

Rather, the parties do dispute whether these code enforcement officers are similarly situated with respect to their job requirements and with regard to their pay provisions.  Plaintiffs assert through the Declarations of Plaintiffs Ackley, Pignataro and Kaplan that each of them were not compensated for the same time of picking up and then returning their city vehicle and driving to and from the job site.  Exhibits 1-3 attached to Amended Motion [DE 39].  Defendant argues that because the code

---

[1] The Court notes that the "fairly lenient" language contained in the Hipp decision is actually part of a long quote from the Fifth Circuit in Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1213-14 (5th Cir. 1995).

3

enforcement officers had flexible hours, it was incumbent upon each employee to request payment for specific hours of overtime.  Defendant puts forth evidence that Plaintiff Ackley did not request overtime pay for the time that is now sought in this lawsuit until August 21, 2006, over one year from the beginning of the relevant period.  Defendant states that it is unlikely that other code enforcement officers failed to timely request such overtime, and therefore are "potentially" not similarly situated.  Exhibit 1 to Response [DE 42-2].  The City asserts that it did not have a policy against overtime, rather, it has no notice that overtime was worked unless so requested by the employee.  Because there was no uniform policy, the City believes that these code enforcement officers claim to overtime will vary according to each individual's circumstances.

In reply, Plaintiff asserts that Ackley continuously sought payment for the drive time period.  In fact, the August 21, 2006 note submitted by Defendant references that "the City has finally addressed our problem" of the drive time issue [DE 42-2].  This implies that Ackley did previously raise the overtime issue.  However, whether he did or did not, the Court concludes that because two of the code enforcement officers presently opting in to the case describe a similar practice of not being paid for this drive time period, Plaintiff has met his burden at this stage that there are other employees similarly situated with respect to their job requirements and with regard to their pay provisions.  Notice to all such code enforcement officers shall proceed.

### III.  CONCLUSION

Plaintiff submitted a proposed Notice and Consent Form to which Defendant has not objected.  Therefore, the Court adopts Plaintiff's proposed form as described below.  In addition, Defendant shall provide the names and last known mailing addresses of

code enforcement officers to Plaintiff.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Amended Motion Seeking an Order on Conditional Class Certification and Judicial Notice [DE 39] is hereby **GRANTED**;

2. The Court therefore adopts the Proposed Notice and Consent forms attached to Plaintiff's Motion at Exhibits A and B at docket entry 39-2;

3. Within 15 calendar days from today, Defendant shall disclose to Plaintiff the names and last known mailing addresses of all present and former code enforcement officers who were employed by Defendant since July 9, 2004;

4. Plaintiff shall insert a date-specific deadline in the Notice to return the Consent that is 60 calendar days from the date of mailing of the Notices;

5. Plaintiff shall provide Defendant with a copy of each opt-in consent form received by counsel, within 15 calendar days of counsel's receipt thereof;

6. The parties shall submit an amended joint scheduling report by April 30, 2008, with proposed amended pretrial deadlines, including a brief description of the number of opt-in consent forms received by that time, and a proposed trial date;

7. The present trial setting and pretrial deadlines are hereby vacated.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 24th day of January, 2008.

JAMES I. COHN
United States District Judge

Copies furnished to:
Kelly Amritt, Esq.
Carmen Rodriguez, Esq.